IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH LENORE BODGE, | No. CIV S-10-1319-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| TRINITY COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, who is proceeding pro se, brings this civil action alleging violations of her civil rights. Pending before the court is plaintiff's complaint (Doc. 1). The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to

Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Trinity County Sheriff's Department; Trinity County Narcotic Task Force; Trinity County Jail; Trinity County District Attorney's Office; Trinity County Sheriff Royce Grossman; Trinity County Superior Court Judge James Woodward; Trinity County District Attorney Eric Hereford; and former Trinity County District Attorney James Woods.

Plaintiff alleges that on April 21, 2006, defendant Grossman presented to a judge an arrest warrant for plaintiff based on information supplied by confidential informants. Plaintiff was then arrested on April 22, 2006, by Grossman and others and taken to the Trinity County Jail. Plaintiff was released on her own recognizance on April 26, 2006. Two days later felony drug charges were filed against plaintiff. On September 25, 2006, defendant Woodward conducted a preliminary hearing and bound plaintiff for trial. Plaintiff claims that, between December 2006 and March 2007 defendant Woodward denied various motions, including a motion to quash the arrest warrant for lack of probable cause. On July 3, 2007, plaintiff plead no contest to the charges and was placed on informal probation for 36 months and ordered to serve 30 days in jail. Plaintiff appealed and the sentence was stayed pending resolution of the appeal.

On January 12, 2009, the Court of Appeal concluded that there was no probable cause for the initial arrest warrant and remanded for further proceedings. On May 5, 2009, plaintiff appears at a hearing at which the prosecutor, Hereford, asked that the charges be dismissed. Judge Woodward granted the request and dismissed the charges.

Plaintiff alleges that defendants' conduct resulted in false arrest, false imprisonment, wrongful prosecution, as well as cruel and unusual punishment, unreasonable search and seizure, denial of due process, and denial of equal protection.

## II.  DISCUSSION

Plaintiff's complaint suffers from a number of defects as discussed below.

### A. Immune Defendants

Plaintiff names a number of defendants who are immune from suit.  Specifically, Trinity County Superior Court Judge James Woodward is entitled to judicial immunity and the attorney defendants – Trinity County District Attorney Eric Hereford and former Trinity County District Attorney James Woods – are entitled to prosecutorial immunity.

#### 1.  Judicial Immunity

Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process."  See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

In this case, plaintiff appears to allege that Judge Woodward is liable based on actions he performed as a judge.  Specifically, plaintiff seems to fault the judge with issuing the warrant and/or denying various motions including the motion to quash the warrant.  Because plaintiff does not claim that Judge Woodward acted in the absence of any jurisdiction or judicial authority, the judge is immune from suit and should be dismissed with prejudice.

    2. <u>Prosecutorial Immunity</u>

Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the state. <u>See</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976). This immunity extends to actions during both the pre-trial and post-trial phases of a case. <u>See</u> <u>Demery v. Kupperman</u>, 735 F.2d 1139, 1144 (9th Cir. 1984). State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. <u>See</u> <u>Kalina v. Fletcher</u>, 522 U.S. 118, 123-25 (1997).

The only reference to the attorney defendants in the complaint is to Mr. Hereford whom plaintiff alleges appeared at a hearing in May 2009 to request that the charges against plaintiff be dismissed. Clearly, as alleged, Mr. Hereford was acting in his capacity as an advocate and is entitled to immunity. There are no factual allegations relating to Mr. Wood. Both defendants should be dismissed with prejudice.

**B.** **Municipal Liability**

Plaintiff names the following local government units/agencies as defendants: Trinity County Sheriff's Department, Trinity County Narcotic Task Force, Trinity County Jail, and Trinity County District Attorney's Office. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. <u>See id.</u> at 691; <u>see also</u> <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. <u>See</u> <u>Bd. of County Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. <u>See id.</u> To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. <u>See id.</u> A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing

more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Because plaintiff fails to allege any custom, practice, or official policy as to any of the municipal defendants, plaintiff's claims against them are deficient. Plaintiff should be provided an opportunity to amend the complaint with respect to the municipal defendants.

### III.  CONCLUSION

The complaint appears to state a cognizable claim against defendant Grossman based on plaintiff's allegations that he obtained a search warrant that was later determined not to be based on probable cause. Plaintiff cannot state claims against the immune defendants discussed above. Plaintiff should be provided an opportunity to amend as to the municipal defendants.

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

Because the complaint appears to otherwise state a cognizable claim as against defendant Grossman, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claim.

1   Accordingly, IT IS HEREBY ORDERED that plaintiff may file an amended
2   complaint within 30 days of the date of service of this order.

4   DATED: October 29, 2010

     **CRAIG M. KELLISON**
     UNITED STATES MAGISTRATE JUDGE