IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBORAH LENORE BODGE,                     No. CIV S-10-1319-MCE-CMK

        Plaintiff,

    vs.                                                      FINDINGS AND RECOMMENDATION

TRINITY COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.

_____/

        Plaintiff, who is proceeding pro se, brings this civil action alleging violations of her civil rights.  Pending before the court is plaintiff's amended complaint (Doc. 8).  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).  Moreover, pursuant

to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: County of Trinity; Trinity County Sheriff's Department; Trinity County Jail; Trinity County District Attorney's Office; Royce Grossman; Eric Hereford; James Woods; and James Woodford.[1]

Plaintiff's statement of facts is somewhat unclear. The amended complaint, which appears to be based on a copy of the original complaint with various additions and deletions, contains a heading on page 4 entitled "Statement of Facts." The specific factual allegations under this heading, however, are crossed out with a notation "Please go to page 5." At page 5 plaintiff states:

> The relevant facts are in the procedural history of this case. The most important part of a search warrant is the affidavit of probable cause.
> Exhibit A pages 3-6 are the facts Grossman presented to D.A. Woods, who reviewed it and with his understanding of search warrants felt confident in signing it and passed it on to Judge Edwards who in his judicial authority agreed which then gave Grossman the validation to execute. These are the same facts Hereford through his training felt were incriminating enough to prosecute.
> Plaintiff knew she was innocent from the very beginning and Exhibit B pages 16-17 are verified proof of that fact.

/ / /

---

[1] In the original complaint, plaintiff named the following as defendants: Trinity County Sheriff's Department; Trinity County Narcotic Task Force; Trinity County Jail; Trinity County District Attorney's Office; Royce Grossman; James Woodward; Eric Hereford; and James Woods. These are the defendants listed in the caption of the amended complaint. In the body of the amended complaint, however, under the listing "Parties," plaintiff adds as a defendant County of Trinity, and does not list as a defendant Trinity County Narcotic Task Force.

A review of Exhibits A and B, which appear to be additional factual statements, reflects that plaintiff claims defendant Grossman obtained and executed a search warrant that was later determined not to be based on probable cause.[2]

Next, the amended complaint contains a discussion of municipal liability.[3] While plaintiff correctly states that municipal liability can lie only where some governmental policy or custom is the moving force behind a constitutional violation, plaintiff does not allege any such policy or custom as to any of the municipal defendants specifically named in the amended complaint.

Next, plaintiff appears to address the issues of judicial and prosecutorial immunity raised in the court's prior screening order.[4] The amended complaint presents a generalized discussion of public confidence in the judicial system, but does not add any new allegations tending to indicate that the immunities discussed in the court's prior order do not apply.

Finally, the amended complaint sets forth generalized discussions relating to plaintiff's state law claims.

///

---

[2] In a prior order, the court determined that the original complaint appeared to state a cognizable claim against defendant Grossman based on plaintiff's allegations that he obtained a warrant later determined not to be based on probable cause.

[3] In the court's prior screening order, the court advised plaintiff that her allegations against the municipal defendants were inadequate because she failed to allege any custom, practice, or official policy which caused or contributed to a constitutional violation. Plaintiff was given leave to amend as to her municipal liability claims.

[4] In particular, the court concluded:

> Plaintiff names a number of defendants who are immune from suit. Specifically, Trinity County Superior Court Judge James Woodford is entitled to judicial immunity and the attorney defendants – Trinity County District Attorney Eric Hereford and former Trinity County District Attorney James Woods – are entitled to prosecutorial immunity.

Plaintiff was not permitted leave to amend as to these defendants, whom the court concluded should be dismissed with prejudice.

## II.  DISCUSSION

While the allegations against Grossman as set forth in the amended complaint are not as clear as those set forth in the original complaint, the court continues to find that plaintiff states a cognizable claim against Grossman based on her allegation that the warrant was not based on probable cause.  If true, plaintiff's allegations against defendant Grossman would indicate a violation of the Fourth Amendment's prohibition on unreasonable searches and seizures.

As to the municipal defendants, the amended complaint continues to suffer from the defect identified in the prior screening order.  Specifically, the court stated:

> Plaintiff names the following local government units/agencies as defendants:   Trinity County Sheriff's Department, Trinity County Narcotic Task Force, Trinity County Jail, and Trinity County District Attorney's Office.  Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).
>
> Because plaintiff fails to allege any custom, practice, or official policy as to any of the municipal defendants, plaintiff's claims against them are deficient.  Plaintiff should be provided an opportunity to amend the complaint with respect to the municipal defendants.

The amended complaint continues to be devoid of any allegations of any custom, policy, or practice which was the moving force behind a constitutional violation.  Because it does not appear that plaintiff is able to amend her allegations to state a claim against the municipal defendants, they should be dismissed from the action.

Finally, as to the immune defendants, the court found in the prior screening order that plaintiff could not amend the complaint against these defendants, who should be dismissed with prejudice. That earlier finding remains the same on the amended complaint and the court now recommends dismissal of the immune defendants.

### III. CONCLUSION

The court finds that this action should be allowed to proceed against defendant Grossman only. The municipal defendants should be dismissed for failure to allege a custom, policy, or practice, and the remaining defendants should be dismissed as immune from suit.

Based on the foregoing, the undersigned recommends that:

    1.    All defendants, except defendant Grossman, be dismissed with prejudice; and

    2.    This action proceed as against defendant Grossman only on plaintiff's claim that he obtained and executed a search warrant that was not based on probable cause.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2011

                                                                                                     **CRAIG M. KELLISON**
                                                                                                     UNITED STATES MAGISTRATE JUDGE