1

2

3

4

5          **IN THE UNITED STATES DISTRICT COURT**

6        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

7

8    DEBORAH LENORE BODGE,              No. CIV S-10-1319-MCE-CMK

9             Plaintiff,

10       vs.                           <u>FINDINGS AND RECOMMENDATIONS</u>

11   ROYCE GROSSMAN,

12            Defendant.

13   _____/

14          Plaintiff, who is proceeding pro se, brings this civil action alleging violations of

15   her civil rights.  Pending before the court is defendant's motion to dismiss (Doc. 22).  A hearing

16   was held before the undersigned in Redding, California, on September 1, 2011, at 10:00 a.m.

17   Plaintiff appeared pro se.  John Robert Whitefleet, Esq., appeared for defendant.   After the

18   hearing, the matter was held open to allow the parties to submit further briefing on the issue of

19   qualified immunity.  Plaintiff submitted her brief on September 16, 2011, and defendant

20   submitted his response on September 21, 2011.

21                          **I.  BACKGROUND**

22        A.    **Plaintiff's Allegations**

23          This action proceeds on the first amended complaint (Doc. 8).  Plaintiff's

24   statement of facts is somewhat unclear.  The amended complaint, which appears to be based on a

25   copy of the original complaint with various additions and deletions, contains a heading on page 4

26   entitled "Statement of Facts."  The specific factual allegations under this heading, however, are

crossed out with a notation "Please go to page 5."  At page 5 plaintiff states:

> The relevant facts are in the procedural history of this case.  The most important part of a search warrant is the affidavit of probable cause.
> Exhibit A pages 3-6 are the facts Grossman presented to D.A. Woods, who reviewed it and with his understanding of search warrants felt confident in signing it and passed it on to Judge Edwards who in his judicial authority agreed which then gave Grossman the validation to execute.  These are the same facts Hereford through his training felt were incriminating enough to prosecute.
> Plaintiff knew she was innocent from the very beginning and Exhibit B pages 16-17 are verified proof of that fact.

A review of Exhibits A and B, which appear to be additional factual statements, reflects that plaintiff claims defendant Grossman obtained and executed a search warrant that was later determined not to be based on probable cause.

Next, the amended complaint contains a discussion of municipal liability.  While plaintiff correctly states that municipal liability can lie only where some governmental policy or custom is the moving force behind a constitutional violation, plaintiff does not allege any such policy or custom as to any of the municipal defendants specifically named in the amended complaint.

Next, plaintiff appears to address the issues of judicial and prosecutorial immunity raised in the court's prior screening order.  The amended complaint presents a generalized discussion of public confidence in the judicial system, but does not add any new allegations tending to indicate that the immunities discussed in the court's prior order do not apply.

Finally, the amended complaint sets forth generalized discussions relating to plaintiff's state law claims.

**B.    Procedural History**

In findings and recommendations issued on January 27, 2011, the court recommended that all defendants except Grossman be dismissed and that the action proceed against Grossman on plaintiff's allegations related to the search warrant.  Specifically, the court recommended: "This action proceed as against defendant Grossman only on plaintiff's claim that

1   he obtained and executed a search warrant that was not based on probable cause." The findings

2   and recommendations were adopted in full on March 29, 2011, and the court thereafter directed

3   service of the action on defendant Grossman.

4

5                                    **II. DISCUSSION**

6              In his motion to dismiss, defendant Grossman argues: (1) plaintiff fails to state an

7   equal protection claim; (2) plaintiff fails to state a claim for violation of the Ninth Amendment;

8   (3) plaintiff fails to state a claim for violation of the First Amendment; (4) plaintiff fails to state a

9   claim for violation of the Eighth and/or Fourteenth Amendments; (5) plaintiff fails to state a

10  claim for violation of the Fourth Amendment; and (6) defendant is entitled to qualified

11  immunity.  Because the action was limited to the Fourth Amendment issue at the screening stage,

12  only defendant's last two arguments are germane.

13             Here, the qualified immunity issue is dispositive.   Government officials enjoy

14  qualified immunity from civil damages unless their conduct violates "clearly established statutory

15  or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald,

16  457 U.S. 800, 818 (1982).  In general, qualified immunity protects "all but the plainly

17  incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341

18  (1986).  In ruling upon the issue of qualified immunity, the initial inquiry is whether, taken in the

19  light most favorable to the party asserting the injury, the facts alleged show the defendant's

20  conduct violated a constitutional right.  See Saucier v. Katz, 533 U.S. 194, 201 (2001).  If, and

21  only if, a violation can be made out, the next step is to ask whether the right was clearly

22  established.  See id.  This inquiry "must be undertaken in light of the specific context of the case,

23  not as a broad general proposition . . . ."  Id.  "[T]he right the official is alleged to have violated

24  must have been 'clearly established' in a more particularized, and hence more relevant, sense:

25  The contours of the right must be sufficiently clear that a reasonable official would understand

26  that what he is doing violates that right."  Id. at 202 (citation omitted).  Thus, the final step in the

3

1    analysis is to determine whether a reasonable officer in similar circumstances would have

2    thought his conduct violated the alleged right.  See id. at 205.

3            The first two steps in the qualified immunity analysis involve purely legal

4    questions.  See Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996).  The third inquiry involves a

5    legal determination based on a prior factual finding as to the government official's conduct.  See

6    Neely v. Feinstein, 50 F.3d 1502, 1509 (9th Cir. 1995).  In resolving these issues, the court must

7    view the evidence in the light most favorable to plaintiff and resolve all material factual disputes

8    in favor of plaintiff.  Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

9            If it is assumed that plaintiff has alleged facts sufficient to show a violation of her

10   Fourth Amendment rights, and if it is also assumed that the rights alleged to have been violated

11   are clearly established, the only question is whether defendant Grossman's conduct was

12   objectively reasonable under the circumstances.  While the third inquiry in the qualified

13   immunity analysis is typically based on factual findings regarding the defendant's conduct, in this

14   case the question of reasonableness can be resolved as a matter of law given the facts alleged in

15   the complaint, which must be assumed to be true.

16           In Barlow v. Ground, 943 F.2d 1132 (9th Cir. 1991), the Ninth Circuit held that a

17   police officer is entitled to qualified immunity if he is acting on the basis of a facially valid

18   search warrant, even if the warrant is later found to be invalid.  Objective reasonableness is

19   established where a warrant is approved by a government attorney and ratified by a neutral

20   magistrate.  See Ortiz v. Van Auken, 887 F.2d 1366, 1370 (9th Cir. 1989).  In this case, plaintiff

21   very specifically alleges that the search warrant was approved by Deputy District Attorney

22   Woods  and ratified by Judge Edwards.  Therefore, assuming the violation of a clearly

23   established Fourth Amendment right, defendant Grossman is entitled to qualified immunity

24   because, based on the facts alleged in the complaint, his conduct was objectively reasonable as a

25   matter of law.

26           At the hearing, plaintiff argued that Grossman is a rogue officer and that accepting

4

his qualified immunity argument would allow this to go unchecked.  The court does not agree.
Even if Grossman is a rogue officer who targets plaintiff, the potential for misconduct is checked
by the requirement that a search cannot occur without first obtaining a warrant from a neutral
magistrate.  Where, as here, this neutral magistrate finds that a search warrant should issue, the
justice system has provided a check on the ability of a rogue officer to abuse the process.
Further, as happened in plaintiff's state case, the warrant is subject to further appellate review.


### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendant's motion to
dismiss (Doc. 22) be granted and that all other motions be denied as moot.

These findings and recommendations are submitted to the United States District
Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
after being served with these findings and recommendations, any party may file written
objections with the court.  Responses to objections shall be filed within 14 days after service of
objections.  Failure to file objections within the specified time may waive the right to appeal.
See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


DATED:  January 17, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE